Karen O'Kasey, OSB No. 870696
E-mail: kok@hartwagner.com
Taylor B. Lewis, OSB No. 164263
E-mail: tbl@hartwagner.com
Zachariah H. Allen, OSB No. 122729
E-mail: zha@hartwagner.com
HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301
   *Of Attorneys for Defendants*
   *Lake Oswego School District and*
   *Lake Oswego School Board*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOHN PARKS**, <br><br>     Plaintiff, <br><br> v. <br><br> **LAKE OSWEGO SCHOOL DISTRICT; LAKE OSWEGO SCHOOL BOARD; OREGON SCHOOL ACTIVITIES ASSOCIATION; PORTLAND PUBLIC SCHOOLS; and MARSHALL HASKINS, individually and** *in his representative capacity for* **OREGON SCHOOL ACTIVITIES ASSOCIATION and PORTLAND PUBLIC SCHOOLS**, <br><br>     Defendants. | Case No. 3:24-cv-1198-JR <br><br> **LAKE OSWEGO SCHOOL DISTRICT AND LAKE OSWEGO SCHOOL BOARD'S RULE 12(F) MOTION TO STRIKE** |

/ / /

/ / /

/ / /

Page 1 -  LAKE OSWEGO SCHOOL DISTRICT AND LAKE OSWEGO SCHOOL BOARD'S RULE 12(F) MOTION TO STRIKE

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, the undersigned certifies conferring with plaintiff's counsel about this motion. The parties were unable to reach a resolution and the Court's ruling is necessary.

## MOTION TO STRIKE

Pursuant to F.R.C.P. 12(f), Lake Oswego School District and Lake Oswego School Board (collectively the "District") move to strike plaintiff's Exhibits 1-9.

This motion is supported by the pleadings on file herein and the following memorandum of law.

## BACKGROUND

In this section 1983 case, plaintiff asserts that the District retaliated against him for sending an email to the Oregon School Activities Association ("OSAA") expressing his views on transgender student participation in Oregon high school athletic competitions. (FAC ¶¶5-19). Plaintiff claims this violated his First Amendment rights because he was investigated and then discharged for expressing his views to the OSAA. (*Id.* at ¶¶83-96).

Plaintiff claims the District violated his Fourteenth Amendment right to procedural due process by requiring him to reapply for the track and field coaching position he held at Lake Oswego High School and by not "restoring" him to cross-country coach and teaching assistant positions he previously held. (*Id.* at ¶¶98-120).

Plaintiff also brings a common law defamation claim against other defendants. (*Id.* at ¶¶121-147).

/ / /

/ / /

Page 2 -   LAKE OSWEGO SCHOOL DISTRICT AND LAKE OSWEGO SCHOOL BOARD'S RULE 12(F) MOTION TO STRIKE

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

Plaintiff seeks preliminary and permanent injunctions ordering the District to remove "derogatory comments" related to the investigation from his file and an order restoring him to his prior positions at Lake Oswego High School.  (*Id.* p. 25).

## LEGAL STANDARD

Under FRCP 12(f), the Court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter.  Although Oregon District Courts have not weighed in on this precise issue, other courts from this circuit grant motions to strike exhibits attached to complaints when those exhibits are not "written instruments" under F.R.C.P. 10(c).  *Bisi v. Chase Auto J.P. Morgan Chase Bank, N.A.*, 2024 U.S. Dist. LEXIS 127906, *4 (E.D. Cal. July 19, 2024).

"A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  F.R.C.P. 10(c).  However, F.R.C.P. 10(c) "only permits the incorporation of a legally operable 'written instrument' such as a contract, check, letter, or affidavit."  *Dichter-Mad Fam. Partners, LLP v. United States¸* 709 F.3d 749, 755 (9th Cir. 2013).  In contrast, witness affidavits and attachments containing largely evidentiary material do not fall within Rule 10(c)'s definition of "written instruments."  *Montgomery v. Buege*, 2009 U.S. Dist. LEXIS 32918, *10-11 (E.D. Cal. April 14, 2017) (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 (2008) (Exhibits containing extraneous or evidentiary material should not be attached to the pleadings pursuant to Rule 10(c)).  Additionally, courts in this circuit grant motions to strike exhibits that are not authenticated.  *Perez v. Cnty. of Los Angeles*, 2024 U.S. Dist. LEXIS 117961, *9-10 (C.D. Cal. June 2, 2024).

/ / /

/ / /

/ / /

Page 3 -   LAKE OSWEGO SCHOOL DISTRICT AND LAKE OSWEGO SCHOOL BOARD'S RULE 12(F) MOTION TO STRIKE

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

**LEGAL MEMORANDUM**

The Court should strike Exhibits 1 through 9 to the First Amended Complaint. They are unauthenticated evidentiary materials that do not qualify as "written instruments" under Rule 10(c).

Exhibit 1 is a portion of an email plaintiff sent to members of the OSAA on May 15, 2024. It is not a "true and correct" copy of the email sent. Plaintiff includes an "Edit note" in Exhibit 1 stating that he omitted information from the original letter. (FAC, Ex 1., p. 3). Exhibit 1 is therefore not authentic. Exhibit 1 is also not a "written instrument." Under the applicable rules, at most, it may be evidentiary material relating to plaintiff's communications with the OSAA. Unlike a contract or other "written instruments" contemplated by F.R.C.P. 10(c), Exhibit 1 does not form the basis for any claim in and of itself.

Exhibit 2 is not a written instrument. It is an unauthenticated email string between OSAA members and someone from Fox News regarding OSAA's transgender athletic participation policies, which are not at issue in this case. (FAC, Ex. 2).

Exhibit 3 is also not a written instrument for purposes of the rule. It is an unauthenticated photograph of a portion of an unauthenticated letter with an unidentified person's handwriting on it. (FAC, Ex. 3). The photographed letter is stapled, indicating there is more than one page to the document that was not included in Exhibit 3, and the letter's sender's information is also not captured. Exhibit 3 is evidentiary material and does not form the basis of plaintiff's claims.

Exhibits 4 and 5 are not written instruments. They are unauthenticated photographs of letters describing the District's evidentiary findings relating to plaintiff's conduct at the 2024 OSAA Track and Field State Championships. (FAC, at Exs. 4 & 5). These letters do not form the basis of plaintiff's claims and are, at best, evidentiary materials.

Page 4 -   LAKE OSWEGO SCHOOL DISTRICT AND LAKE OSWEGO SCHOOL BOARD'S RULE 12(F) MOTION TO STRIKE

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

Exhibit 6 is an unauthenticated letter by plaintiff to Lake Oswego High School's principal, Kristen Colyer, describing his version of events. (FAC, Ex. 6). This exhibit does not form the basis of any of plaintiff's claims, is inadmissible hearsay, and is a regurgitation of allegations in the First Amended Complaint.

Exhibits 7 and 8 are not written instruments and not related to plaintiff's claims. Exhibit 7 is an unauthenticated letter plaintiff purportedly sent to Oregon State Senator Wagner. (FAC, Ex. 7). It has nothing to do with plaintiff's claims about his letter to the OSAA. Exhibit 8 is a copy of plaintiff's resume. (FAC, Ex. 8). Neither forms the basis for plaintiff's claims.

Exhibit 9 is not a written instrument. It is a copy of the tort claim notice plaintiff's counsel apparently sent to defendants OSAA and PPS. It is, at best, evidentiary material supporting plaintiff's claim that he provided notice of his tort claim pursuant to the Oregon Tort Claims Act.

## CONCLUSION

The District respectfully asks that the Court grant this motion and strike Exhibits 1-9.

DATED this 4th day of November, 2024.

                        HART WAGNER, LLP

By:   */s/ Taylor B. Lewis*
       Karen O'Kasey, OSB No. 870696
       kok@hartwagner.com
       Taylor B. Lewis, OSB No. 164263
       tbl@hartwagner.com
       Zachariah H. Allen, OSB No. 122729
       zha@hartwagner.com

       *Of Attorneys for Defendants*
       *Lake Oswego School District and*
       *Lake Oswego School Board*

Page 5 -    LAKE OSWEGO SCHOOL DISTRICT AND LAKE OSWEGO SCHOOL BOARD'S RULE 12(F) MOTION TO STRIKE

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2024, I served the foregoing **LAKE OSWEGO SCHOOL DISTRICT AND LAKE OSWEGO SCHOOL BOARD'S RULE 12(F) MOTION TO STRIKE** on the following parties at the following addresses:

Luke D. Miller
Miller Bradley Law LLC
1567 Edgewater St NW PMB 43
Salem OR  97304
office@millerbradleylaw.com

M.E. Buck Dougherty III
Liberty Justice Center
Building 2
13341 W. U.S. Highway 290
Austin, TX  78737
bdougherty@libertyjusticecenter.org
      *Of Attorneys for Plaintiff*

by electronic means through the Court's Case Management/Electronic Case File system.

*/s/ Taylor B. Lewis*
Taylor B. Lewis

Page 1 - **CERTIFICATE OF SERVICE**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile:  (503) 222-2301**