UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| JOHN PARKS, *Plaintiff*, v. LAKE OSWEGO SCHOOL DISTRICT; LAKE OSWEGO SCHOOL BOARD; OREGON SCHOOL ACTIVITIES ASSOCIATION; PORTLAND PUBLIC SCHOOLS; and MARSHALL HASKINS, individually and *in his representative capacity for* OREGON SCHOOL ACTIVITIES ASSOCIATION and PORTLAND PUBLIC SCHOOLS *Defendants.* | Case No. 3:24-cv-1198-JR **PLAINTIFF'S RESPONSE IN OPPOSITION TO LAKE OSWEGO DEFENDANTS' MOTION TO STRIKE** |

Plaintiff John Parks files this response pursuant to LR 7-1(e)(1) in opposition to the Rule 12(f) motion to strike exhibits from Plaintiff's first amended complaint [ECF No. 22] filed by Defendants Lake Oswego School District and Lake Oswego School Board (collectively the "District").

The Court has scheduled the District's motion to strike exhibits under the advisement calendar of December 9, 2024. Scheduling Order, ECF No. 23.

1

## INTRODUCTION

On November 4, 2024, the District filed, pursuant to Fed. R. Civ. P. 12(f), its motion to strike Exhibits 1-9 from Plaintiff John Parks's first amended complaint. District Motion, ECF No. 22. The District's motion to strike is without merit and should be denied.

Although the District moved under Fed. R. Civ. P. 12(f) to strike the exhibits, the District actually argued in its motion that the exhibits should be stricken under a *different rule*—Fed. R. Civ. P. 10(c)—because, in the District's view, the exhibits attached to Plaintiff's first amended complaint "are unauthenticated evidentiary materials that do not qualify as 'written instruments' under Rule 10(c)." District Motion, ECF No. 22 at 4.

But the District misapplies the relevant rules for what material may be stricken from a pleading. Specifically, the District does not argue—as it must under Rule 12(f)'s legal standard—that the supposedly offensive exhibits attached to Plaintiff's first amended complaint are matters that are redundant, immaterial, impertinent, or scandalous. Notably, the words, "redundant, immaterial, impertinent, or scandalous" do not even appear in its motion to strike. District Motion, ECF No. 22. And Exhibits 1-9 are not redundant, immaterial, impertinent, nor scandalous.

The District's failure to show why Exhibits 1-9 are redundant, immaterial, impertinent, or scandalous is fatal to its motion. Therefore, this Court should deny the District's motion to strike Exhibits 1-9 from Plaintiff's first amended complaint because they are not redundant, immaterial, impertinent, nor scandalous.

## ARGUMENT

I. **The Ninth Circuit has held that Rule 12(f) is limited to striking matters that are redundant, immaterial, impertinent, or scandalous, and the District failed to show why Exhibits 1-9 should be stricken under this legal standard.**

Under the Federal Rules of Civil Procedure and controlling Ninth Circuit precedent, the District failed to show why Exhibits 1-9 attached to Plaintiff's first amended complaint are redundant, immaterial, impertinent, or scandalous as it must do pursuant to Rule 12(f). And Exhibits 1-9 attached to Plaintiff's first amended complaint are not redundant, immaterial, impertinent, nor scandalous.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has consistently held that Rule 12(f) is limited to striking matters that are redundant, immaterial, impertinent, or scandalous. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

By contrast, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

Here, the District misunderstands the interplay between Rule 12(f) and 10(c). For example, Rule 10(c) does not allow a court to strike exhibits merely because they do or do not constitute a "written instrument" as the District suggests. And like Exhibits 1-9 attached to Plaintiff's first amended complaint, "an exhibit to a pleading is a part of the pleading for all purposes." *Id*. Rule 12(f) *only* allows material to be struck if the material constitutes, "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Whether or not a given

3

exhibit is a written instrument—which is how the District frames its motion—has no bearing on whether such exhibit should be stricken pursuant to Rule 12(f). The District's motion to strike under Rule 12(f) provides no factual or legal basis supporting this Court striking Exhibits 1-9 for "redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). As discussed, the Ninth Circuit has expressly clarified that Rule 12(f) is limited to striking matters that are redundant, immaterial, impertinent, or scandalous. *Whittlestone, Inc.*, 618 F.3d at 973.

II. **The District fails to provide a factual or legal basis showing that Exhibits 1-9 should be stricken because they are unauthentic and unnecessary evidentiary materials.**

The District failed to show why Exhibits 1-9 attached to Plaintiff's first amended complaint are unauthentic and unnecessary evidentiary materials to support its Rule 12(f) motion to strike.

The District's second argument is that Exhibits 1-7 and Exhibit 9 should be struck because they are unauthentic. District Motion, ECF No. 22 at 4-5. The District cites *Perez v. Cnty. of Los Angeles*, which states that, "courts in this circuit grant motions to strike exhibits that are not authenticated." 2024 U.S. Dist. LEXIS 117961, *9-10 (C.D. Cal. June 2, 2024). But *Perez*—and another unpublished opinion in the Ninth Circuit which used the term "unauthenticated" in connection with a motion to strike, *WebQuest.com Inc. v. Hayward Indus.*, 2010 U.S. Dist. LEXIS 118188, *5 (E.D. Cal. Nov 8, 2010)—does not even define what makes a document "unauthenticated." More importantly, in both *Perez* and *WebQuest.com*,

4

the courts there struck exhibits because they were not authenticated *and* because the exhibits constituted "unnecessary evidentiary materials." *Perez,* 2024 U.S. Dist. LEXIS at *9-10; *WebQuest.com Inc.*, 2010 U.S. Dist. at *5.

Regardless of whether any of the Exhibits here are "unauthenticated,"—and Plaintiff denies the District's circular logic they are[1]—the District fails to articulate factually and legally how Exhibits 1-9 are both unauthentic *and* "unnecessary evidentiary materials" in accordance with *Perez* and *WebQuest.com*. Even if this Court accepts that certain Exhibits are unauthenticated, the District failed to argue that any of the Exhibits are, "unnecessary evidentiary materials." In order to strike unauthenticated documents, both cases which use the term "unauthenticated" in the Ninth Circuit require that the Exhibits are also, "unnecessary evidentiary materials." *Perez*, 2024 U.S. Dist. LEXIS at *9-10; *WebQuest.com Inc.*, 2010 U.S. Dist. LEXIS at *5. And this interpretation falls in line with the plain text of Rule 12(f) as allowing materials to be struck if, for example, they constitute "redundant" materials.

---

[1] As an example of its circular reasoning, the District conclusory asserts that Plaintiff's Exhibit 1 email that forms the underlying basis for his First Amendment claim is not a "true and correct" copy of the email sent. District Motion, ECF No. 22 at 4. In other words, the District argues that Exhibit 1 should be struck because it is unauthenticated but fails to authenticate why it is not a "true and correct" copy. And it is well-settled law that courts credit "all factual allegations in the complaint as true" and construe them "in the light most favorable" to the plaintiff. *See Tingley*, *v. Ferguson*, 47 F.4th 1055, 1066 (9th Cir. 2022).

But the District failed to argue the legal standard for what makes a document authentic, nor properly apply the legal standard to which it cites for support in striking Exhibits 1-9 for being unauthentic *and* unnecessary evidentiary materials.

### III. The District fails to provide a factual or legal basis showing that Exhibits 1-9 should be stricken because they are inadmissible hearsay.

The District failed to show factually or legally that Exhibits 1-9 should be stricken because they are inadmissible hearsay.

The District includes one additional argument to strike Exhibit 6, saying that the Exhibit, "is inadmissible hearsay." District Motion, ECF No. 22 at 5. As discussed above, a motion to strike an exhibit on the basis that it constitutes inadmissible hearsay is not appropriate under Rule 12(f). Issues regarding the admissibility of evidence are addressed through motions in limine or objections at trial, rather than through a motion to strike under Rule 12(f). *In re Tesla Sec. Litig*, 477 F. Supp. 3d 903, 920 (N.D. Cal. 2020); *NRDC v. Kempthorne*, 539 F. Supp. 2d 1155, 1161-1162 (E.D. Cal. 2008). And again, Rule 12(f) only permits a court to strike material which is, "redundant, immaterial, impertinent, or scandalous matter."

## CONCLUSION

For these reasons, Plaintiff John Parks respectfully requests that the Court deny the District's motion to strike Exhibits 1-9 attached to Plaintiff's first amended complaint. Exhibits 1-9 attached to Plaintiff's first amended complaint are not redundant, immaterial, impertinent, nor scandalous pursuant to Rule 12(f).

6

Dated: November 18, 2024                Respectfully submitted,

<p style="margin-left: 40%;">
<u>s/ <i>Luke D. Miller</i></u><br>
Luke D. Miller<br>
Miller Bradley Law, LLC.<br>
1567 Edgewater St. NW<br>
PMB 43<br>
Salem, OR 97304<br>
luke@millerbradleylaw.com<br>
<br>
M.E. Buck Dougherty III*<br>
LIBERTY JUSTICE CENTER<br>
7500 Rialto Blvd.<br>
Suite 1-250<br>
Austin, TX 78735<br>
(512) 481-4400 - telephone<br>
bdougherty@libertyjusticecenter.org<br>
<br>
* <i>Pro hac vice admission forthcoming</i><br>
<br>
<i>Attorneys for Plaintiff John Parks</i>
</p>

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically with the Court's Case Management/Electronic Case Filing (CM/ECF) system. The Court and/or Clerk of Court may serve and give notice to counsel by CM/ECF electronic transmission.

The 18th day of November 2024.

<div align="right">

*s/ Luke D. Miller*
Luke D. Miller

</div>