**Jonathan M. Radmacher**, OSB No. 924314
E-Mail: jonathanr@mcewengisvold.com
**Jason E. Bowman,** OSB No. 223584
E-Mail: jasonB@mcewengisvold.com
McEwen Gisvold  LLP
1100 SW 6th Avenue, Suite 1600
Portland, OR 97204
Phone: (503) 226-7321
Fax: (503)243-2687

    Of Attorneys for Defendant
    Oregon School Activities Association

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOHN PARKS**,<br><br>              Plaintiff,<br><br>       v.<br><br>**LAKE OSWEGO SCHOOL DISTRICT; LAKE OSWEGO SCHOOL BOARD; OREGON SCHOOL ACTIVITIES ASSOCIATION; PORTLAND PUBLIC SCHOOLS; and MARSHALL HASKINS, individually and *in his representative capacity for OREGON SCHOOL ACTIVITIES ASSOCIATION and PORTLAND PUBLIC SCHOOLS***,<br><br>              Defendants. | Case No. 3:24-cv-1198-JR<br><br>**DEFENDANT OREGON SCHOOL ACTIVITIES ASSOCIATION'S REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE** |

/ / /

/ / /

/ / /

DEFENDANT OREGON SCHOOL ACTIVITIES ASSOCIATION'S REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE
Page 1 of 9
Case No. 6:22-CV-01228-MC

**McEWEN GISVOLD LLP**
**1100 SW Sixth Avenue, Suite 1600, Portland, OR 97204**
**Telephone: (503) 226-7321; Facsimile (503) 243-2687**
**Email: jonathanr@mcewengisvold.com**

In the face of a legally and factually detailed Motion, Plaintiff feints. Believing that he knows better than the Ninth Circuit Court of Appeals and/or the District Courts therein, Plaintiff brings a defamation claim that arises under Oregon common law, but then scoffs at the notion that he might be put to the test created by the Oregon legislature to limit the reckless filing of frivolous defamation cases filed under Oregon law. He thereby ducks the key question – can he prove a *prima facie* case of defamation, arising from Defendant Marshall Haskins' request that Plaintiff's employer and public school district investigate Plaintiff's abusive and entirely inappropriate conduct toward an underage high school student? More particularly, Plaintiff – a public high school coach, was called out on his discriminatory and abusive conduct. Now, given an opportunity to prove a *prima facie* basis for his frivolous defamation claim against the OSAA, Plaintiff's failure to produce evidence to support his claim speaks not just to why Defendant OSAA's Special Motion to Strike must be granted, but also to why this Court should sanction Plaintiff under F.R.C.P. 11.

In this Reply, because Plaintiff has not seen fit to present any *prima facie* case, Defendant OSAA will not try rebut Plaintiff's non-existent case. It will only set forth rebuttal to several key, incorrect legal arguments made by Plaintiff.

1. **The law clearly allows that this Court evaluate Plaintiff's defamation claim arising under Oregon common law, based upon the State of Oregon's limitation on such defamation claims.**

Plaintiff seizes on the phrase "substantial evidence" in the Oregon statute, ignoring the fact that the phrase modifies "*prima facie*" – Plaintiff need only prove a *prima facie* case, something that he has affirmatively chosen <u>not</u> to do in response to the OSAA's motion. The statute provides that:

DEFENDANT OREGON SCHOOL ACTIVITIES ASSOCIATION'S REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE
Page 2 of 9
Case No. 6:22-CV-01228-MC

McEWEN GISVOLD LLP
1100 SW Sixth Avenue, Suite 1600, Portland, OR 97204
Telephone: (503) 226-7321; Facsimile (503) 243-2687
Email: jonathanr@mcewengisvold.com

> ***** "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting <u>substantial evidence to support a prima facie case.</u>

ORS 31.150(4) (emphasis added). Plaintiff can point to no case where a court has interpreted the statute as requiring anything more than proof of a *prima facie* case, i.e. the phrase "substantial evidence" does not materially modify "*prima facie* case," and from an interpretive standpoint, should not be construed as imposing any higher burden than a *prima facie* burden. Oregon case law has not read the statute as requiring any higher of a burden than for the plaintiff to simply prove his or her *prima facie* case. The (very) recent memorandum opinion in *Verheyden v. Blankfort,* 336 Or. App. 886, ____ P.3d ____ (Dec 18, 2024) (non-precedential memorandum opinion), provides just such an example, cited herein as an example of how Oregon courts interpret the statute. In review of whether the plaintiffs had met their burden in *Verheyden*, the court noted that

> [i]n evaluating whether plaintiffs' *prima facie* case is sufficient to satisfy ORS 31.150(30, we view the facts in the light most favorable to plaintiffs. *Cider Riot,* [*LLC v. Patriot Prayer USA, LLC*] 330 Or. App. [354] at 375. When the facts are viewed in plaintiffs' favor, they do not establish that either qualified privilege invoked by defendants applies as a matter of law in this case. *Bank of Oregon,* 298 Or at 442-44. Therefore, the trial court properly declined to require plaintiffs to produce evidence that defendants acted with actual malice or negligence as part of their *prima facie* case."

*Id.* at 888-89.

The authority that the court cited in *Verheyden* is *Cider Riot, LLC v. Patriot Prayer USA, LLC,* 330 Or. App. 354, 544 P.3d 363 (2024). When considering the burden shift of ORS 31.150(3), the *Cider Riot* court focused on whether the plaintiff could establish a *prima facie*

DEFENDANT OREGON SCHOOL ACTIVITIES ASSOCIATION'S REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE
Page 3 of 9
Case No. 6:22-CV-01228-MC

McEWEN GISVOLD LLP
1100 SW Sixth Avenue, Suite 1600, Portland, OR 97204
Telephone: (503) 226-7321; Facsimile (503) 243-2687
Email: jonathanr@mcewengisvold.com

case, without any regard to "substantial evidence:"

> [t]o establish a *prima facie* case on a particular claim, a plaintiff must produce evidence sufficient to permit a reasonable factfinder to find in the plaintiff's favor on the claim. *Handy v. Lane County,* 360 Or. 605, 622-23, 385 P.3d 1016 (2016) (explaining plaintiff's burden of production in the context of a special motion to strike); *Snook v. Swan,* 292 Or. App. 242, 246-47, 423 P.3d 747 (2018) (explaining that a plaintiff must produce evidence sufficient to permit a reasonable factfinder to find that plaintiff proved the elements of their claim) (*citing Wingard v. Oregon Family Council, Inc.,* 290 Or. App. 518, 522-23, 417 P.3d 545, *rev den,* 363 Or. 119, 421 P.3d 359 (2018)).

*Id.* at 359 (emphasis added). As applied by Oregon courts, Oregon's anti-SLAPP is fundamentally no different than California's, and is equally applicable in federal courts. Plaintiff's effort to expand the scope of the statute is an obvious effort to create a "straw man." Plaintiff's interpretation should be rejected, and his failure to even attempt to put on a *prima facie* case should be rejected.

   **2.   Plaintiff's obfuscation cannot change the fact that Defendant Haskins' letter was squarely on a matter of public concern, related to an investigation of Plaintiff's wrongdoing.**

Defendant Haskins' statement to the Lake Oswego School District asked a public actor for a public investigation about a public employee who thrust himself into a public debate, as more fully described in the OSAA's Motion. Plaintiff appears to misunderstand that in the OSAA's Motion, the cases of *C.R. v. Eugene Sch. Dist. 4J,* 308 Or. App. 773, 481 P.3d 334 (2021); *State v. Walker,* 19 Or. App. 420, 423, 528 P2d 113 (1974), *Lovell v. School Dist.,* 172 Or. 500, 507, 143 P.2d 236 (1943); and *School Dist. v. United States Nat'l Bank,* 187 Or. 360, 383, 211 P.2d 723 (1949) were cited not for anything related to a special motion to strike, but only for the clear proposition that proceedings instituted by a school district are proceedings

DEFENDANT OREGON SCHOOL ACTIVITIES ASSOCIATION'S REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE
Page 4 of 9
Case No. 6:22-CV-01228-MC

**McEWEN GISVOLD LLP**
1100 SW Sixth Avenue, Suite 1600, Portland, OR 97204
Telephone: (503) 226-7321; Facsimile: (503) 243-2687
Email: jonathanr@mcewengisvold.com

authorized by law. From the factual record before this Court, it is clear that Haskins's speech was made in connection with an authorized proceeding precisely because his speech precipitated the school district's proceeding. The case cited by Plaintiff, *Zweizig v. Northwest Direct Teleservices, Inc.,* Case No. 3:15-cv-02401-HZ, 2016 U.S. Dist. LEXIS 131313 (D. Or. 2016), lends just such support when commenting on ORS 31.150(2)(a).

> Oregon's anti-SLAPP statute provides that a defendant may make a special motion to strike against a claim in a civil action that arises out of a statement made in a "judicial proceeding or other proceeding authorized by law." ORS 31.150(2)(a). While this Court does not find binding precedent interpreting this portion of Oregon's law, cases from California are instructive.
>
> There can be no dispute that ORS 31.150(2)(a) encompasses statements reporting wrongdoing to police. *See Van Der Valk v. AU Energy, LLC,* No. B252975, 2014 Cal. App. Unpub LEXIS 8453, 2014 WL 6632930, at *4 (Cal. Ct. App. Nov 24, 2014) (holding that anti-SLAPP statute encompasses statements made to police in response to a perceived wrongdoing for the purpose of garnering police assistance); *Comstock v. Aber*, 212 Cal. App 4th 931, 941-42, 151 Cal. Rptr. 3d 589, 598 (2012) ("The law is that communications to the police are within SLAPP."); *Chabak v. Monroy,* 154 Cal. App. 4th 1502, 1512, 65 Cal. Rptr. 3d 641, 648 (2007) (in action by physical therapist against client alleging false report of child abuse, client's "statements to police clearly arose from protected activity"); *Walker v. Kiousis,* 93 Cal. App. 4th 1432, 1439, 114 Cal. Rptr. 2d 69, 75 (2001) (finding that a citizen's complaint to the police is "made in connection with an official proceeding authorized by law"). The issue, therefore, is whether the anti-SLAPP statute also encompasses a statement to a courtroom deputy reporting potential wrongdoing. The Court finds that it does.
>
> California courts have concluded that the anti-SLAPP statute protects not only communications in a judicial or official proceeding, but also "[c]ommunications that are preparatory to or in anticipation of commencing official proceedings." *Siam v. Kizilbash,* 130 Cal. App. 4th 1563, 31 Cal. Rptr. 3d 368, 374 (Cal. Ct. App. 2005); *see also ComputerXpress, Inc. v. Jackson,* 93 Cal. App. 4th 993, 1009, 113 Cal. Rptr. 2d 625, 640 (2001) (filing a

DEFENDANT OREGON SCHOOL ACTIVITIES ASSOCIATION'S REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE
Page 5 of 9
Case No. 6:22-CV-01228-MC

McEWEN GISVOLD LLP
1100 SW Sixth Avenue, Suite 1600, Portland, OR 97204
Telephone: (503) 226-7321; Facsimile (503) 243-2687
Email: jonathanr@mcewengisvold.com

> complaint with the purpose of soliciting an SEC investigation constitutes a "statement before an official proceeding"); *Lee v. Fick,* 135 Cal. App. 4th 89, 97, 37 Cal. Rptr. 3d 375, 379 (2005), as modified (Dec 23, 2005) (parents' formal complaints to school board were "part of the official proceedings" that followed).

*Id.* at *8-9 (emphasis added).

In this case, Defendant Haskins expressed an honest and appropriate concern about Plaintiff's inappropriate conduct. The consequence of his publicly expressed concerns was that Plaintiff was called to account for his actions by his public employer. Defendant Haskins' raising this issue of public concern to Plaintiff's employer falls squarely within the bounds of the protection afforded to speakers under ORS 31.150.

### 3. Defendant Haskins never purported to be writing as an agent or representative of the OSAA.

Plaintiff attempts to hold the OSAA liable for Defendant Haskins' complaint of concern to the Lake Oswego School District, based upon the fact that Mr. Haskins initially explained the depth of context of knowledge that underlay his complaint:

> As a representative of Senior Leadership for Portland Public Schools and as a member of the OSAA Executive Board, who has been appointed as the state representative for Equity, Diversity and Inclusion, I was appalled, disappointed and embarrassed for Lake Oswego and Salem Keizer School Districts because of the behavior of one of your employees.

[ECF 7-3] One could just as well have written to the Lake Oswego School District and said "as a citizen of the State of Oregon, I am disgusted at Mr. Parks' aggressive and inappropriate behavior towards an Oregon student athlete." Such a statement would not mean that the State of Oregon had spoken through one of its citizens. It would – obviously – explain that the writer was providing a context for the reader, to understand <u>why</u> Mr. Parks' actions were abhorrent.

DEFENDANT OREGON SCHOOL ACTIVITIES ASSOCIATION'S REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE
Page 6 of 9
Case No. 6:22-CV-01228-MC

McEWEN GISVOLD LLP
1100 SW Sixth Avenue, Suite 1600, Portland, OR 97204
Telephone: (503) 226-7321; Facsimile: (503) 243-2687
Email: jonathanr@mcewengisvold.com

On the face of the communication, Mr. Haskins was not purporting to be writing as a representative of the OSAA, regardless of the accuracy of Mr. Haskins' complaints. And challenged with his obligation to present a *prima facie* basis for his claims, Plaintiff has failed (and/or refused) to present any legal or factual basis for his false assertion that Mr. Haskins was speaking for the OSAA. Plaintiff's assertion to the contrary has not basis.

## Conclusion

Plaintiff was willing to bring a defamation claim against the OSAA, but refuses to present a *prima facie* case to support his allegations. His claim should be dismissed, and the OSAA should be awarded its attorney fees incurred herein, pursuant to ORS 31.150.

Dated this 27th day of December, 2024.

MCEWEN GISVOLD LLP


By: s/Jonathan M. Radmacher
Jonathan M. Radmacher, OSB No. 924314
Jason E. Bowman, OSB No. 223584
*Of Attorneys for Defendant*
*Oregon School Activities Association*

DEFENDANT OREGON SCHOOL ACTIVITIES ASSOCIATION'S REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE
Page 7 of 9
Case No. 6:22-CV-01228-MC

McEWEN GISVOLD LLP
1100 SW Sixth Avenue, Suite 1600, Portland, OR 97204
Telephone: (503) 226-7321; Facsimile (503) 243-2687
Email: jonathanr@mcewengisvold.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2024, served the within DEFENDANT OREGON SCHOOL ACTIVITIES ASSOCIATION'S REPLY IN SUPPORT OF SPECIAL MOTION TO STRIKE on the persons listed below by the methods indicated below.

| | |
|---|---|
| Buck Dougherty<br>Liberty Justice Center<br>7500 Rialto Boulevard<br>Suite 1-250<br>Austin, TX 78735<br>Telephone: (512) 481-4400<br>Email: bdougherty@libertyjusticecenter.org<br><br>*Of Attorneys for Plaintiff John Parks* | ___ U.S. Mail<br>_X_ E-file/E-serve<br>___ Facsimile<br>___ E-mail |
| Luke D. Miller<br>Miller Bradley Law, LLC<br>1567 Edgwater Street NW<br>Pmb 43<br>Salem, OR 97304<br>Telephone: (800) 392-5682<br>Email: luke@millerbradleylaw.com<br><br>*Of Attorneys for Plaintiff John Parks* | ___ U.S. Mail<br>_X_ E-file/E-serve<br>___ Facsimile<br>___ E-mail |
| Zachariah H. Allen<br>Taylor B. Lewis<br>Karen M. O'Kasey<br>Hart Wagner, LLP<br>1000 SW Broadway<br>Suite 2000<br>Portland, OR 97205<br>Telephone: (503) 222-4499<br>Email: zha@hartwagner.com<br>         tbl@hartwagner.com<br>         kok@hartwagner.com<br><br>*Of Attorneys for Defendants Lake Oswego*<br>*School Board and Lake Oswego School District* | ___ U.S. Mail<br>_X_ E-file/E-serve<br>___ Facsimile<br>___ E-mail |

Dated: December 27, 2024        M<small>C</small>E<small>WEN</small> G<small>ISVOLD</small> LLP

By: _s/Jonathan M. Radmacher_
Jonathan M. Radmacher, OSB No. 924314
Jason E. Bowman, OSB No. 223584
*Of Attorneys for Defendant*
*Oregon School Activities Association*

CERTIFICATE OF SERVICE
Page 30 of 30

U:\U\90085\90085-087 Parks, John\Pleadings\Reply in Support of Motion to Strike.wpd

**McEWEN GISVOLD LLP**
**1100 S.W. Sixth Avenue, Suite 1600, Portland, Oregon 97204**
**Telephone: (503) 226-7321; Facsimile (503) 243-2687**
**Email: jonathanr@mcewengisvold.com**

CERTIFICATE OF SERVICE
Page 30 of 30

**McEWEN GISVOLD LLP**
**1100 S.W. Sixth Avenue, Suite 1600, Portland, Oregon 97204**
**Telephone: (503) 226-7321; Facsimile (503) 243-2687**
**Email: jonathanr@mcewengisvold.com**