**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
Telephone: 503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
Telephone: 503-726-5975
VICKERS PLASS LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035

    Of Attorneys for Defendants
    Portland Public School and Marshall
    Haskins

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOHN PARKS**, <br><br>                             Plaintiff, <br> v. <br> **LAKE OSWEGO SCHOOL DISTRICT; LAKE OSWEGO SCHOOL BOARD; OREGON SCHOOL ACTIVITIES ASSOCIATION; PORTLAND PUBLIC SCHOOLS; and MARSHALL HASKINS** individually and in his representative capacity for OREGON SCHOOL ACTIVITIES ASSOCIATION and PORTLAND PUBLIC SCHOOLS, <br>                            Defendants. | Case No. 3:24-cv-01198-JR <br><br> DEFENDANTS PORTLAND PUBLIC SCHOOLS AND MARSHALL HASKINS' ANSWER AND AFFIRMATIVE DEFENSES |

For its Answer to plaintiff's First Amended Complaint("Complaint") on file herein, defendants Portland Public Schools and Marshall Haskins (collectively "PPS defendants") admit, deny and allege as follows:

1.

Admit that plaintiff John Parks has coached track and field.  Lack sufficient knowledge

PAGE 1 – DEFENDANT PPS AND HASKINS' ANSWER AND AFFIRMATIVE DEFENSES

or information to admit or deny the remaining allegations in paragraph 1.

2.

Admit Parks has coached track and field. Lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 2.

3.

The allegations in paragraph 3 are directed to a different defendant. No response is required by PPS defendants.

4.

Admit the allegations in paragraph 4.

5.

As to paragraph 5, admit plaintiff sent a letter to OSAA, the content of which speaks for itself.

6.

Lack sufficient knowledge and information to admit or deny the allegations in paragraph 6, and therefore deny the same.

7.

As to paragraph 7, admit plaintiff sent a letter, the contents of which speaks for itself.

8.

As to paragraph 8, admit plaintiff sent a letter, the contents of which speaks for itself.

9.

The allegations in paragraph 9 are directed to a different defendant. No response is

required by PPS defendants.

10.

Admit Defendant Haskins sent a letter on May 24 the content of which speaks for itself. Lack sufficient knowledge or information to admit or deny the remainder of paragraph 10.

11.

As to paragraph 11, admit Defendant Haskins sent a letter, the contents of which speaks for itself.

12

As to paragraph 12, admit Defendant Haskins sent a letter, the contents of which speaks for itself.

13.

Deny the allegations in paragraph 13.

14.

Lack sufficient knowledge or information to admit or deny paragraph 14.

15.

The allegations in paragraph 15 are directed to a different defendant. No response required by PPS defendants.

16.

Deny the allegations in paragraph 16.

17.

Deny the allegations in paragraph 17.

18.

Deny the allegations of paragraph 18.

19.

The allegations in paragraph 19 are plaintiff's characterizations to which no response required. To the extent a response is required, deny.

20.

Admit Plaintiff coached track and field. Lack sufficient knowledge or information to admit or deny the remainder of paragraph 20.

21.

The allegations in paragraph 21 are directed to a different defendant. No response required by PPS defendants.

22.

The allegations in paragraph 22 are directed to a different defendant. No response required by PPS defendants.

23.

The allegations in paragraph 23 are directed to a different defendant. No response required by PPS defendants.

24.

Admit the allegations in paragraph 24.

25.

As to paragraph 25, admit that Defendant Haskins is Senior Director – PIL athletics.

26.

Admit that jurisdiction is proper.

27.

Admit that venue is proper.

28.

Paragraphs 29 to 34 are directed to a different defendant. No response is required by PPS defendants.

29.

The allegations in paragraph 35 are directed to a different defendant. No response required by PPS defendants.

30.

The allegations in paragraph 36 are directed to a different defendant. No response required by PPS defendants.

31.

The allegations in paragraph 37 are directed to a different defendant. No response required by PPS defendants

32.

Lack sufficient knowledge or information to admit or deny the allegations in paragraphs 38-40.

33.

The allegations in paragraph 41 are directed to a different defendant. No response required by PPS defendants.

34.

The allegations in paragraph 42 are directed to a different defendant. No response

required by PPS defendants.

35.

Lack sufficient knowledge or information to admit or deny the allegations in paragraph 43.

36.

Lack sufficient knowledge or information to admit or deny the allegations in paragraph 44.

35.

Lack sufficient knowledge or information to admit or deny the allegations in paragraph 45.

36.

With regard to paragraphs 46 to 49, admit that a letter was sent, the contents of which speak for itself.

37.

Deny the allegations in paragraph 50.

38.

Admit the allegations in paragraph 51.

38.

The allegations in paragraphs 52 to 60 are directed at different defendants. No response required by PPS defendants.

39.

Lack sufficient knowledge or information to admit or deny paragraph 61.

40.

Except as specifically admitted herein above, PPS defendants deny the remainder of plaintiffs' complaint and the whole thereof.

## FIRST DEFENSE

### (Failure to State a Claim)

41.

Plaintiff's complaint fails to state a claim against PPS defendants.

## SECOND DEFENSE

### (Oregon Tort Claims Act)

42.

PPS defendants are entitled to the defenses, immunities and limitations set forth in the Oregon Tort Claims Act.

## THIRD DEFENSE

### (Truth)

43.

Plaintiff's defamation claims fail in whole or in part because the statements at issue true.

## FOURTH DEFENSE

### (Not Defamatory)

44.

Plaintiff's defamation claims fail in whole or in part because the statements at issue are not defamatory.

## FIFTH DEFENSE

### (Public Official/Public Figure)

45.

Plaintiff's defamation claims fail in whole or in part because plaintiff is a public official and or public figure and there was no actual malice.

## SIXTH DEFENSE

### (Consent)

46.

Plaintiff's defamation claims fail in whole or in part because plaintiff consented to disclosure of some of the complained of statements.

## SEVENTH DEFENSE

### (Absolute and/or Qualified Privileges)

47.

Plaintiff's defamation claims are barred in whole or in part by the absolute and/or qualified privileges.

## EIGHTH DEFENSE

### (Statements by a Government Official)

48.

Plaintiff's defamation claims are barred because the complained of statements were made by a government official.

## NINTH DEFENSE

### (Protection of Public Interest)

49.

Plaintiff's defamation claims are barred because the complained of statements were made to protect public interests.

**TENTH DEFENSE**

**(Mitigation)**

50.

Plaintiff has failed to mitigate damages.

WHEREFORE, having fully answered plaintiff's Complaint, PPS defendants pray for judgment in its favor.

DATED: April 29, 2025.

        VICKERS PLASS LLC

        *s/ Karen M. Vickers*
        **KAREN M. VICKERS,** OSB No. 913810
        kvickers@vickersplass.com
        503-726-5985
        **BETH F. PLASS,** OSB No. 122031
        bplass@vickersplass.com
        503-726-5975
         Of Attorneys for Defendants Portland Public
         Schools and Marshall Haskins