IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN PARKS**, | Case No. 3:24-cv-1198-JR |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **LAKE OSWEGO SCHOOL DISTRICT; LAKE OSWEGO SCHOOL BOARD; OREGON SCHOOL ACTIVITIES ASSOCIATION; PORTLAND PUBLIC SCHOOLS;** and **MARSHALL HASKINS**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

John Parks ("Parks") has sued the Lake Oswego School District (the "District"), the Lake Oswego School Board (the "Board"),[1] the Oregon School Activities Association ("OSAA"), Portland Public Schools ("PPS"), and Marshall Haskins ("Haskins").[2] Against the School Defendants, Parks asserts two claims under 42 U.S.C. § 1983, alleging that they committed First

---

[1] The Court refers to the District and the Board collectively as the "School Defendants."

[2] Parks filed this lawsuit on July 24, 2024, only against the School Defendants. ECF 1. On October 7, 2024, Parks filed his First Amended Complaint ("FAC"), adding OSAA, PPS, and Haskins as additional defendants. ECF 7.

PAGE 1 – OPINION AND ORDER

Amendment retaliation and deprived Parks of procedural due process, in violation of his rights under the First and Fourteenth Amendments, respectively. Against OSAA, PPS, and Haskins, Parks alleges that they are liable for common law defamation under Oregon law. The School Defendants have filed a motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. ECF 22. The OSAA has filed a special motion to strike pursuant to Oregon Revised Statutes ("ORS") § 31.150 *et seq* ("Oregon's Anti-SLAPP Law"). ECF 30.

United States Magistrate Judge Jolie A. Russo issued her "Findings & Recommendation and Order" in this case. ECF 40. Judge Russo: (1) recommended that the Court deny the OSAA's special motion to strike Plaintiff's claim against the OSAA; and (2) denied the School Defendants' motion to strike made pursuant to Rule 12(f). *Id.*

## FINDINGS AND RECOMMENDATION THAT THE COURT DENY OSAA'S SPECIAL MOTION TO STRIKE

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not

PAGE 2 – OPINION AND ORDER

preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

The OSAA timely objected to Judge Russo's Findings and Recommendation. ECF 45. The OSAA argues that Judge Russo misapplied the law found in *Ashcroft v. Iqbal*, 556 U.S. 662, (2009), *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), and *Harte-Hanks Communications v. Connaughton*, 491 U.S. 657 (1989), in reaching the conclusion that Parks sufficiently pleaded actual malice on the part of Haskins. The OSAA also contends that Judge Russo read a "snippet" of Haskins's letter dated May 24, 2024 "out-of-context." The Court has reviewed these matters de novo and adopts Judge Russo's Findings and Recommendation. These issues will be better handled at summary judgment or at trial, if a trial is necessary.

## ORDER DENYING SCHOOL DEFENDANTS' MOTION
## TO STRIKE MADE PURSUANT TO RULE 12(F)

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or

misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013). Here, the School Defendants have not objected to Judge Russo's Order denying their motion to strike made pursuant to Rule 12(f).

## CONCLUSION

The Court ADOPTS Judge Russo's Findings & Recommendation and Order. ECF 40. The Court, through Judge Russo, has already DENIED the Lake Oswego School District and Lake Oswego School Board's Rule 12(f) Motion to Strike. ECF 22. The Court now DENIES the Oregon School Activities Association's Special Motion to Strike. ECF 30.

**IT IS SO ORDERED**.

DATED this \_\_\_\_ day of September, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge