**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**JOHN PARKS**,

Plaintiff,

v.

**LAKE OSWEGO SCHOOL DISTRICT**, **LAKE OSWEGO SCHOOL BOARD**, **OREGON SCHOOL ACTIVITIES ASSOCIATION**, **PORTLAND PUBLIC SCHOOLS**, and **MARSHALL HASKINS**,

Defendants.

Case No. 3:24-cv-1198-JR

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie Russo issued her Findings and Recommendation ("F&R") in this case on May 26, 2026. ECF 100. Judge Russo recommends that this Court grant Defendants' Motions for Summary Judgment and enter judgment in favor of Defendants.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff John Parks timely filed an objection, to which Defendants responded. Plaintiff raises several objections. Except as expressly addressed herein, the Court has considered *de novo* Plaintiff's objections and finds them without merit.

**A. Factual Determinations**

Plaintiff argues that the F&R improperly made credibility determinations or improper factual findings. Except as expressly discussed herein, the Court adopts Judge Russo's Background section. The Court, however, does not adopt Footnote 1, which broadly characterizes the U.S. Supreme Court's holding in *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Supreme Court in *Harris* emphasized that although at summary judgment the facts are viewed in the light most favorable to the nonmoving party, there still must be a "genuine" dispute of material fact. *Id.* Where the moving party meets its burden under Rule 56(c), the non-moving

party must do more than offer "some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 574 (1986)), because to contradict a well-supported motion requires more than "the mere existence of *some* alleged factual dispute," it requires a "*genuine* issue of *material* fact." *Id.* (emphasis in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242, 247-48 (2007)). Thus, the nonmoving party must offer more than a story that is "is blatantly contradicted by the record, so that no reasonable jury could believe it." *Id.*

The Court also does not adopt the characterization in Footnote 7 that Plaintiff disputed using the language at issue "for the first time at summary judgment." Plaintiff argues that this is erroneous because he disputed using this language in his deposition, which occurred after the parties' litigated the preliminary injunction motion. Although it appears that the relevant point was that Plaintiff did not dispute the issue before the Court during the preliminary injunction hearing and only raised it *to the Court* for the first time on summary judgment, the timing of when Plaintiff raised this dispute is not material to Judge Russo's decision or the Court's decision. The Court also does not adopt factual characterizations that contradict the Court's findings and conclusions below.

**B. School Defendants' Motivation**

Plaintiff argues that the record contains evidence that his email to the Oregon School Activities Association ("OSAA") is what motivated the subsequent personnel decisions by the Lake Oswego School District and Lake Oswego School Board (the "School Defendants"). The School Defendants respond that Plaintiff fails adequately to address the School Defendants' "same decision" defense.

To establish a prima facie case of retaliation under the First Amendment, a plaintiff must show (1) that he engaged in protected speech; (2) that defendants took an adverse employment

action against him; and (3) that the protected speech was a substantial or motivating factor for the adverse action. *See Thomas v. City of Beaverton*, 379 F.3d 802, 807-08 (9th Cir. 2004). After a plaintiff shows a prima facie case, a defendant can avoid liability by showing "that it would have taken the same actions in the absence of the plaintiff's expressive conduct. A plaintiff cannot establish unconstitutional retaliation if the same decision would have been reached absent the protected conduct, even if protected conduct played a part, substantial or otherwise, in motivating the government's action." *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 721 (9th Cir. 2022) (quotation marks and citation omitted).

The "causation inquiry is, however, purely a question of fact." *Robinson v. York*, 566 F.3d 817, 825 (9th Cir. 2009); *see also Eng v. Cooley*, 552 F.3d 1062, 1072 (9th Cir. 2009). A court may decide this issue at summary judgment only if, construing the facts in the light most favorable to the employee, the defendants have "show[n] more than that they ***could*** have punished the plaintiff[] in the absence of the protected speech; instead, the burden is on the defendants to show through evidence that they ***would*** have punished the plaintiff[] under those circumstances." *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006) (emphasis in *Pinard*) (quotation marks and citation omitted); *see also id.* at 771 (stating that "the defendants are not entitled to summary judgment unless they can show that they would have imposed a permanent suspension even in the absence of the plaintiffs' petition and complaints").

The parties do not dispute that Plaintiff has met his burden to show a prima facie case. Instead, the School Defendants contend that they have met their burden to show that they would not have renewed Plaintiff's contract even in the absence of his email to OSAA, because Colyer's findings include findings of insubordination and because Colyer stated in her Declaration that she would not have renewed Plaintiff's contract based solely on the reports that

he called the transgender athlete a "fucking dude."[1] Neither contention, however, meets the School Defendants' burden on the "same decision" defense.

The School Defendants' reliance on other findings in Colyer's Complaint Findings and Summary may ultimately persuade a jury. But at summary judgment, they provide no *evidence* that any or all of Colyer's many other findings of violation by Plaintiff[2] *would* have been sufficient without the email to OSAA to support the School Defendants' non-renewal of Plaintiff's contract. The School Defendants offer no declaration specifically stating as much. The non-renewal letter provided to Plaintiff on June 12, 2024, states that after investigating "the events that transpired this past track season," Plaintiff's "actions and behaviors displayed towards a transgender athlete" violated the District's policy *AC - Nondiscrimination and JFCF - Hazing, Harassment, Intimidation, Bullying, Menacing, Cyberbullying, Teen Dating Violence, or Domestic Violence* ("Nondiscrimination Policy"). ECF 1-5 at 2. The non-renewal letter does not express concerns about Plaintiff's purported insubordination. It also does not expressly refer to any specific conduct, whether at the track meet or the letter to OSAA, and as such does not place any particular emphasis on Plaintiff's conduct other than the protected speech. Accordingly, Colyer's findings of other violations, by themselves, are insufficient to support the School Defendants' burden at summary judgment to prove their "same decision" defense.

With respect to the School Defendants' contention that reports of Plaintiff making the "dude" comment was a sufficient basis, they provide a statement by Colyer in her Declaration that the District would not have renewed Plaintiff's contract based on those reports alone. *See*

---

[1] The Court references this comment going forward as the "dude" comment.

[2] Colyer's findings include three instances of conduct by Plaintiff that violated the District's anti-harassment policy in addition to the violation found as a result of Plaintiff's protected email, and the finding that Plaintiff engaged in insubordination.

Decl. of Kristen Colyer ¶ 18 (ECF 16; *see also* ECF 74 at 50). This fails to meet Defendants' high burden, however, because Colyer did not include anything about the reported "dude" comment in her Complaint Findings and Summary.

Colyer states that she learned of the purported "dude" comment during her investigation into the complaint lodged by Defendant Haskins. *Id.* ¶ 13. If this comment was sufficient grounds by itself not to renew Plaintiff's contract, it is a reasonable inference, at summary judgment where facts are viewed in the light most favorable to the nonmoving party and all reasonable inferences drawn in that party's favor, that Colyer would have included a statement about this conduct in the Complaint Findings and Summary.

The School Defendants argue that this document was simply responding to the eight different alleged violations asserted by Haskins in his complaint. This argument fails for several reasons. First, the Introduction section states that the document "is to determine if district policies and procedures were followed prior to the OSAA State Track meet and during the OSAA State Track meet." ECF 89-3 at 2. This describes a broader purpose than simply responding to Haskins' specific complaint.

Second, the first bullet point finding by Colyer does not address any allegation by Haskins. It is a finding laying the foundation for Colyer's last bullet point concluding that Plaintiff engaged in insubordination. Neither of these bullet points resolve issues raised by Haskins.

Third, Colyer reached a conclusion about whether Plaintiff spoke to the transgender athlete on the podium during the 400M race, and that was not raised by Haskins. Haskins only raised the issue with respect to the 200M race (a separate bullet point by Colyer).

Finally, Colyer appears to have either failed to reach some of Haskins' enumerated complaints or merged his third, fourth, and fifth allegations with a general conclusion in Colyer's fifth bullet point. Thus, the evidence, viewed in the light most favorable to Plaintiff, does not support that Colyer simply responded to each of the eight issues raised by Haskins in her nine bullet point findings. Therefore, the failure of Colyer to include the "dude" comment in the Complaint Findings and Summary raises a sufficient issue of material fact to preclude the School Defendants' from meeting their high burden at summary judgment to take the issue of causation away from the jury. Thus, the Court declines to adopt the First Amendment retaliation analysis in the F&R.

**C. Fourteenth Amendment Due Process**

Judge Russo set forth the standards for establishing a procedural due process violation: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." ECF 100 at 20-21 (footnote omitted) (quoting *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002)). To show a constitutionally protected interest requires more than bare reputational harm and more than a simple loss of employment. ECF 100 at 21. This claim requires showing "stigma plus" as follows:

> due process protections apply only if a plaintiff is subjected to "stigma plus["]; i.e., if the state makes a charge against [a plaintiff] that might seriously damage his standing and associations in the community," and "1) the accuracy of the charge is contested, 2) there is some public disclosure of the charge, and 3) it is made in connection with the termination of employment or the alteration of some right or status recognized by state law."

*Wenger v. Monroe*, 282 F.3d 1068, 1074 (9th Cir. 2002) (first alteration added, second alteration in *Wenger*) (quoting *Llamas v. Butte Cmty. College Dist.*, 238 F.3d 1123, 1129 (9th Cir. 2001)).

Judge Russo recommended granting summary judgment to School Defendants on this claim because Principal Colyer's Complaint Findings and Summary contained no charges of

moral turpitude, dishonesty, or other serious character flaws; School Defendants did not publish any statement about Plaintiff's non-renewal; and School Defendants afforded Plaintiff adequate process.

Plaintiff objects that the F&R improperly concluded that Plaintiff failed to show that he has a constitutionally-protected liberty interest. Plaintiff contends that the Complaint Findings and Summary "accuse Plaintiff of acts of moral turpitude" by concluding that he violated the anti-harassment and bullying policy. ECF 102 at 11. He also states in his objections that the Complaint Findings and Summary was published because it was sent to "multiple other schools and the OSAA." *Id.* He does not address the F&R's findings regarding adequate process.

The Court need not reach the issue of whether the statements in the Complaint Findings and Summary rise to the level of a constitutional deprivation because Plaintiff fails to establish a genuine dispute of material fact concerning publication. The only evidence Plaintiff cites is the document's statement on page two that it was sent to "all involved parties." ECF 74 at 26. On the first page of the document, however, it states that it is directed to Parks, with copies to Chris Coleman, Donna Watson, and Lou Bailey. Plaintiff provides no evidence that the document was disseminated further. As explained by Judge Russo, disseminating to these persons is not publication as that term is used for First Amendment retaliation.[3]

---

[3] Even if Colyer disseminated the Complaint Findings and Summary to OSAA and persons within Portland Public Schools and Salem-Keizer Schools, as Plaintiff contends, that still would not rise to the level of publication for the purposes of "stigma plus." To satisfy that element, Plaintiff must show that School Defendants "actually disseminate[d] the stigmatizing comments in a way that would reach . . . the community at large." *Tarhuni v. Holder*, 8 F. Supp. 3d 1253, 1274 (D. Or. 2014) (first alteration added, second alteration in *Tarhuni*) (quoting *Palka v. Shelton*, 623 F.3d 447, 454 (7th Cir. 2010)); *see also Cooper v. Portland Gen. Elec. Corp.*, 110 Or. App. 581, 588 (1992) (rejecting defamation claim because "[t]he statements were not published in a way that made them available to the general public and they were not a subject for public discussion or comment."); *Addison v. City of Baker City*, 258 F. Supp. 3d 1207 (D. Or. 2017) (same), *aff'd*, 758 F. App'x 582 (9th Cir. 2018). Additionally, "[d]isclosures to other

Plaintiff also fails to establish a genuine fact dispute on whether he received appropriate procedural protections. He did not object to this portion of the F&R and the Court finds no clear error. The Court, therefore, adopts the F&R's due process analysis on publication and procedural protection.

**D. Haskins' Qualified Privilege**

Plaintiff objects to the F&R's conclusion that Haskins enjoys s qualified privilege with respect to Plaintiff's defamation claim against Portland Public Schools ("PPS") and Haskins (together, "PPS Defendants"). The problem with this objection is that Plaintiff did not object to the F&R's findings and conclusions with respect to the *separate and independent* aspect of the F&R concluding that Plaintiff's defamation claim *fails on its merits*. The Court adopts this analysis, with the supplemental express finding that Plaintiff is a limited purpose public figure.[4]

---

government agencies . . . are not 'public' for purposes of 'stigma plus.'" *Tarhuni*, 8 F. Supp. 3d at 1274 (citing *Bishop v. Wood*, 426 U.S. 341, 348-49 (1976); *Wenger*, 282 F.3d at 1074 n.5). Plaintiff offers no evidence that the Complaint Findings and Summary was distributed to the community at large.

[4] The PPS Defendants argued to Judge Russo that Plaintiff qualified as a limited purpose public figure and thus must also prove that Haskins' allegedly defamatory statements were made with actual malice. ECF 78 at 11-13. Plaintiff failed to address those arguments in his briefing, and so Judge Russo presumed without deciding that Plaintiff qualified as a limited purpose public figure. In his objections to the F&R, Plaintiff again neglects to address the issue of whether he is a limited purpose public figure.

This Court independently finds that Plaintiff is a limited purpose public figure. When "an individual voluntarily injects himself or is drawn into a particular public controversy . . . [he] thereby becomes a public figure for a limited range of issues." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974). The Ninth Circuit, applying California's defamation law that is similar to Oregon's, stated that in considering whether an individual is a limited purpose public figure, courts consider whether "(i) a public controversy existed when the statements were made, (ii) whether the alleged defamation is related to the plaintiff's participation in the controversy, and (iii) whether the plaintiff voluntarily injected itself into the controversy for the purpose of influencing the controversy's ultimate resolution." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 266 (9th Cir. 2013).

There is no genuine dispute of material fact as to the conclusion that Haskins did not defame Plaintiff. Thus, summary judgment is warranted against Plaintiff's defamation claim and the Court need not resolve the question of qualified privilege. The Court thus declines to adopt this portion of the F&R.

**E. Supplemental Jurisdiction and Principles of Comity**

Plaintiff argues in his objections to the F&R that it "violates principles of comity" for the Court to exercise supplemental jurisdiction over Plaintiff's state law defamation claims and grant summary judgment, after having granted summary judgment to the School Defendants on Plaintiff's federal claims. ECF 102 at 3-5. Because the Court does not grant summary judgment to the School Defendants on all of Plaintiff's federal claims, this objection is moot.

**F. OSAA's Liability for Haskins' Conduct**

Plaintiff objects that there is a genuine dispute about whether OSAA directed Haskins to send his complaint, and thus whether OSAA is liable for Haskins' alleged defamatory conduct. Because the Court finds that there is no genuine dispute of material fact as to whether Haskins defamed Plaintiff, there is no underlying conduct for which OSAA can be held liable. The Court thus rejects this objection as moot. The Court, however, declines to adopt this portion of the F&R and grants OSAA's motion for summary judgment on the grounds that there is no underlying defamation by Haskins to trigger liability.

---

A public controversy over the participation of trans athletes in school sports pre-existed Haskins' statements. Haskins' alleged defamatory statements were directly related to Plaintiff's participation in the public debate surrounding trans athletes in school sports. Plaintiff's participation in that debate was wholly voluntary. Moreover, both Plaintiff's letter to OSAA and his alleged conduct at the meet were ultimately directed at preventing the future participation of transgender girls in the Oregon state track meet. Thus, all three factors discussed in *Makaeff* weigh in favor of finding that Plaintiff was, for the purposes of Haskins' alleged defamatory statements, a limited purpose public figure.

**G. Portions of the F&R to which no Objection was Raised**

There are many portions of the F&R to which no party objected. For those portions, unless otherwise discussed above, the Court follows the recommendation of the Advisory Committee and reviews Judge Russo's F&R for clear error on the face of the record. No such error is apparent. Accordingly, the Court adopts those portions of the F&R.

## CONCLUSION

The Court ADOPTS IN PART Judge Russo's Findings and Recommendation, ECF 100, as set forth herein. The Court GRANTS IN PART AND DENIES IN PART Lake Oswego School Board and Lake Oswego School District's Motion for Summary Judgment, ECF 73. The Court denies the motion as to the First Amendment Retaliation Claim, but grants the Motion as to the Fourteenth Amendment Claim. The Court GRANTS Mr. Haskins' and Portland Public Schools' Motion for Summary Judgment, ECF 78. The Court GRANTS the Oregon School Activities Association's Motion for Summary Judgment, ECF 80.

**IT IS SO ORDERED**.

DATED this 28th day of August, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge