FILED14 SEP '26 11:16USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **John Parks,**<br>*Plaintiff,*<br>v.<br>**Lake Oswego School District, Lake Oswego School Board, Oregon School Activities Association, Portland Public Schools, and Marshall Haskins,**<br>*Defendants.* | No. 3:24-cv-01198-JR<br>Honorable Michael H. Simon<br>**Eugene Volokh's Motion to Intervene and Unseal** |

## Unopposed Motion

Eugene Volokh is seeking (on his own behalf) to move to intervene and unseal Judge Russo's Findings and Recommendation (ECF No. 100) as well as the filings related to the objections to the F&R (ECF Nos. 102, 103, 105) and the Motion for Reconsideration (ECF No. 107) and any future responses and replies related to that motion, with the names of students, parents, and witnesses redacted as necessary to protect any compelling interest in their privacy. Plaintiff and Defendants do not oppose this motion, on the condition that the proper redactions are made.

## Memorandum

### Introduction

Volokh is entitled to intervene to unseal the F&R, which is an important judicial document. Volokh is the Thomas M. Siebel Senior Fellow at the Hoover Institution at Stanford University and the Gary T. Schwartz Distinguished Professor of Law Emeritus at UCLA School of Law. He writes about First Amendment law, among other

topics, and has been tracking the docket in this case, which raises important questions about the First Amendment and Due Process Clause rights of government employees as well as about the law of defamation.

He needs to see the F&R to better understand what is happening in this case, including to better understand this Court's Order (ECF No. 106), which adopts significant parts of the F&R. And he needs to see the filings related to the objections to the F&R (ECF Nos. 102, 103, 105) and to the Motion for Reconsideration (ECF No. 107 and any future responses and replies) to better understand how the Court arrived at its decision in the Order and in any future Order dealing with the Motion for Reconsideration.

## Argument

### I. Volokh should be allowed to intervene as a member of the public and the press

"Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." *San Jose Mercury News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999). In particular, "[r]epresentatives of the press must be given an opportunity . . . to intervene in this Court to seek unsealing of documents filed in a court proceeding." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019) (cleaned up). The typical requirements of permissive intervention, including an "independent jurisdictional basis and strong nexus of fact or law," "are not required where intervenor merely seeks to challenge a protective order." *San Jose Mercury News*, 187 F.3d at 1100 (citation omitted).

Therefore, the only requirement to intervene is timeliness. *Id.* at 1101. This motion is timely because it was filed two weeks after the order that adopted in part the F&R. While "prejudice to other parties" is usually a factor in timeliness, "assuming an intervenor does assert a legitimate, presumptive right to open the court record of a particular dispute, the potential burden or inequity to the parties should affect not the right to intervene but, rather, the court's evaluation of the merits of the applicant's motion." *Id.* (citation omitted). "Volokh filed this motion to intervene approximately ten and a half weeks after plaintiffs first filed their motion under seal, and approximately six and a half weeks after this Court granted plaintiffs' motion. This delay is not untimely. *See San Jose Mercury News*, 187 F.3d at 1101 ('[D]elays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records.')." *Doe v. Teachers Council, Inc.*, No. 3:23-CV-01747-AN, 2024 WL 1232082, at *2 (D. Or. Mar. 21, 2024).

## II. The F&R should be unsealed, both under the First Amendment and common-law rights of access to public records

"Under the first amendment, the press and the public have a presumed right of access to court proceedings and documents." *Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990) (ordering the district court to unseal memoranda filed under seal). "[T]he public . . . has a common-law right to inspect and copy public records and documents." *In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008) (internal quotations omitted).

This right of access is especially important as to judicial opinions. "As ours is a common-law system based on the 'directive force' of precedents, its effective and efficient functioning demands wide dissemination of judicial decisions." *Lowenschuss v. West Pub. Co.*, 542 F.2d 180, 185 (3d Cir. 1976). "[D]ecisions of the court are a matter of public record." *United States v. Mentzos*, 462 F.3d 830, 843 n.4 (8th Cir. 2006). "There is a long tradition of public access to court orders." *Hardy v. Equitable Life Assurance Soc'y*, 697 F. App'x 723, 725 (2d Cir. 2017). "We hope never to encounter another sealed opinion." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 349 (7th Cir. 2006), *abrogated as to unrelated matters*, *RTP LLC v. ORIX Real Estate Capital*, 827 F.3d 689, 691–92 (7th Cir. 2016).

> Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.

*Id.* at 348. *See also Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("[I]t should go without saying that the judge's opinions and orders belong in the public domain."); *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014) (same); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) ("There is a particularly strong presumption of public access to [judicial] decisions . . . . The Court's decisions are adjudications—direct exercises of judicial power the reasoning and substantive effect of which the public has an important interest in scrutinizing."). "[S]ince at least the time of Edward III, judicial decisions have been held open for public inspection." *In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1128 (D.C. Cir. 2020).

And this is as true for Magistrate Judges' F&Rs as it is for District Judges' opinions. "There is no doubt that the report and recommendation is a judicial document so the public right of access attaches." *Thomas v. City of New York*, No. 19-cv-4791-NGG-VMS, 2025 WL 2671298, at *2 (E.D.N.Y. Sept. 18, 2025). "[T]here can be no serious dispute that a Report and Recommendation prepared by a Magistrate Judge is also a judicial document and presumptively subject to public disclosure." *Castellano v. Young & Rubicam, Inc.*, No. 97-cv-5464-SHS-HBP, 1999 WL 714063, at *1 (S.D.N.Y. Sept. 14, 1999). Indeed, even a status report filed by a Court Officer appointed to enforce a consent decree is a judicial document, because it is "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). A Magistrate Judge's F&R even more clearly qualifies.

But beyond that, in this particular case seeing the F&R is necessary to fully understand this court's actual binding opinion, which specifically adopts the F&R in part. *See* ECF No. 106 at 2 ("Except as expressly discussed herein, the Court adopts Judge Russo's Background section."); *id.* at 9 ("The Court, therefore, adopts the F&R's due process analysis on publication and procedural protection."); *id.* ("Plaintiff did not object to the F&R's findings and conclusions with respect to the separate and independent aspect of the F&R concluding that Plaintiff's defamation claim fails on its merits. The Court adopts this analysis, with the supplemental express finding that Plaintiff is a limited purpose public figure.") (cleaned up); *id.* at 11 ("There are many portions of the F&R to which no party objected. For those portions, unless otherwise

discussed above, the Court follows the recommendation of the Advisory Committee and reviews Judge Russo's F&R for clear error on the face of the record. No such error is apparent. Accordingly, the Court adopts those portions of the F&R."). And even when the opinion rejects parts of the F&R, understanding what this Court rejected is important to understanding why this Court reached its decision.

### III. For similar reasons, the filings related to objections to the F&R and to the Motion for Reconsideration should be unsealed as well

"[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.*

And given that there is a right of access to the initial motion for summary judgment, there must be a right of access to further filings addressing the issue, such as objections to an F&R on the dispositive motion (and responses and replies to the objection) or motions to reconsider the decision on the dispositive motion. *See, e.g.*, *Brar v. California*, No. 1:25-cv-00136-JLT-CDB, 2025 WL 1135129, at *2 (E.D. Cal. Apr. 17, 2025) (recognizing a "presumed right of access to . . . objections to the Findings and Recommendations to dismiss [a] case"); *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022) ("Because the Yankees Letter was submitted in the motion for reconsideration in connection with plaintiffs' proposed SAC and was explicitly considered and rejected by the district court in its Memorandum Order, we conclude that

the Yankees Letter was relevant to the performance of the judicial function and useful in the judicial process, and, therefore, the district court properly classified it is a judicial document." (cleaned up)).

That is true even of attachments, for instance of documents obtained through discovery: "[T]he presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). This logically applies even more strongly to the legal arguments in the motions and memoranda themselves. *See, e.g.*, *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-md-3143 (SHS) (OTW), 2025 WL 3697877, at *4 (S.D.N.Y. Dec. 19, 2025) ("OpenAI's motion for reconsideration is a judicial document entitled to a strong presumption of public access.").

The public is entitled to see the arguments that the Court is considering in deciding whether a case should be terminated or should be allowed to proceed further.

## IV. Even if there is a compelling interest justifying the concealment of some of the information in the documents, that can at most justify modest redactions

Precisely because Movant lacks access to the sealed documents, and because there appears to be no publicly accessible order explaining why the documents were sealed, he cannot determine whether there might be some compelling interest justifying keeping some of the material in the documents confidential. But even if there is such a compelling interest,

> Because of the strong presumption of access to [court] records [,]" "[s]ealing orders . . . must be narrowly tailored." *Perry v. City & Cnty. of S.F.*, No. 10-16696, 2011 WL 2419868, at *21 (9th Cir. 2011). Therefore, "any interest

> justifying closure must be specified with particularity, and there must be [a showing] that the [sealing requested] is narrowly confined to protect that interest." *Id.* (internal quotation marks, citation, and emphasis omitted).
>
> "For this reason, any sealing order must . . . use less restrictive alternatives that do not completely frustrate the public's . . . right[ ] of access." *Id.* For example, "[i]n many cases, courts can accommodate [privacy] concerns by redacting sensitive information rather than [sealing] the materials entirely." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011); *see also Press-Enterprise Co. v. Sup. Ct.*, 464 U.S. 501, 513 (1984) ("Those parts of the transcript reasonably entitled to privacy could have been sealed without such a sweeping order. . . .").

*Esquivel v. Bank of Am., N.A.*, No. 2:12-CV-02502-GEB, 2015 WL 4675500, at *3 (E.D. Cal. Aug. 6, 2015). For this reason, the documents should be released with modest redactions—in this case, by redacting the names of students, parents, and witnesses as needed to protect any compelling interest in their privacy—rather than being entirely sealed.

## Conclusion

As a member of the public and the press, Volokh has a common-law and First Amendment right of access to the F&R, to the objections to the F&R and related documents, and to the motion to reconsider this Court's decision partly adopting the F&R and related documents. Volokh should be allowed to intervene, and the materials should be unsealed (with redactions of the names of students, parents, and witnesses) to allow the public to understand the Magistrate Judge's recommendation, this Court's opinion partly adopting and partly rejecting that recommendation, and the parties' arguments related to the recommendation and the opinion.

Respectfully Submitted,

s/ Eugene Volokh

*Pro se*
Senior Fellow
Hoover Institution
Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
(Institutional affiliation given for identification and addressing purposes only)

## Certificate of Compliance

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 2,155 words, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

s/ Eugene Volokh

## Certificate of Service

I served this document on counsel for all parties by e-mail at the addresses given in their filings today, September 11, 2026.

s/ Eugene Volokh

4872 MON 09/14 07:38
1000 SW 3RD AVE
97204-2930-99
PORTLAND,OR
PRIORITY OVERNIGHT
537-1588
ETP: 1 SP:PD:100:Y

Eugene Volokh
Hoover Institution,
434 Galvez Mall
Stanford, CA 94305

ORIGIN ID:HGTA (650) 723-4050
SHIPPING MANAGER
HOOVER INSTITUTION
434 GALVEZ MALL

STANFORD, CA 94305
UNITED STATES US

SHIP DATE: 11SEP26
ACTWGT: 1.00 LB
CAD: 267682003/INET4535

BILL SENDER

TO MARK O' HATFIELD
CLERKS OFFICE
1000 SOUTHWEST 3RD AVENUE
SUITE # 740
PORTLAND OR 97204
(650) 723-4050
INV:
PO:
REF: 1026799-209-AABJL
DEPT:

SCREENED

58KJ4/908A/484B

FedEx Express

E

MON - 14 SEP 10:30A
PRIORITY OVERNIGHT

TRK# 0201 8771 0104 4550

WS MRIA

97204
OR-US PDX

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

For information about UPS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com

RRD R 0526